## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BALDOR DC, LLC, dba
BALDOR DC, aka
BALDOR SPECIALTY FOODS,

        Plaintiff

vs.                                                        Case No. _____

CASEY T. PATTEN,

        Defendant.
_____/

## COMPLAINT
### (To Enforce Payment From Produce Trust)

Plaintiff, Baldor DC, LLC dba Baldor DC, aka Baldor Specialty Foods ("Baldor"), for its Complaint against Defendant, Casey T. Patten ("Patten"), alleges the following:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA"), 28 U.S.C. § 1331, and 28 U.S.C. § 1332.

2. Personal jurisdiction exists over Defendant because Defendant conducted business in this forum and has sufficient minimum contacts such that this proceeding does not offend traditional notions of fair play and justice.

3. Venue in this District is based on 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims arose in this District, and Defendant Patten resides in this District.

## PARTIES

4. Plaintiff Baldor, a Maryland limited liability company registered to do business in Maryland and with its principal place of business in Jessup, Maryland, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer.

5. Defendant Patten was at all relevant times an officer, director, and member/owner of Taylor Gourmet MGMT, LLC, a Delaware limited liability company with its principal place of business in the District of Columbia that managed twenty-five affiliated limited liability companies (Taylor Gourmet MGMT, LLC and affiliates hereinafter collectively referred to as "Taylor Gourmet"), that were engaged in the business of operating numerous sandwich shops located mainly in the Washington, D.C. metropolitan area. Upon information and belief, Defendant Patten controlled the day-to-day operations of Taylor Gourmet, and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

6. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

7. In calendar year 2018, Plaintiff sold and delivered to Taylor Gourmet in excess of $230,000.00 worth of produce, and also sold and delivered in excess of 2,000 pounds of produce on any single day on multiple occasions.

8. Between October 25, 2017 and September 21, 2018, Plaintiff sold and delivered to Taylor Gourmet and Defendant wholesale quantities of produce and other goods in the total

amount of $192,138.07 (the "Transactions"), of which $173,316.73 was for produce, with the entire amount remaining unpaid as follows:

| Taylor Gourmet Locations | Dates of Sales | Total Produce Debt | Total Non-Produce Debt | Grand Total |
|---|---|---|---|---|
| Taylor Gourmet Catering | 10/25/17 – 9/21/18 | $18,977.34 | $3,113.56 | $22,090.90 |
| Taylor Gourmet Atlas District | 05/21/18 – 9/21/18 | $6,932.54 | $705.95 | $7,638.49 |
| Taylor Gourmet City Vista | 05/21/18 – 9/21/18 | $9,043.38 | $995.03 | $10,038.41 |
| Taylor Gourmet 14th Street NW | 05/21/18 – 9/21/18 | $11,012.60 | $1,361.83 | $12,374.43 |
| Taylor Gourmet DuPont Circle | 05/21/18 – 9/21/18 | $11,061.19 | $1,080.37 | $12,141.56 |
| Taylor Gourmet Pennsylvania Ave | 05/21/18 – 9/21/18 | $12,131.09 | $1,217.65 | $13,348.74 |
| Taylor Gourmet Penn Quarter | 05/21/18 – 9/21/18 | $13,096.46 | $1,218.39 | $14,314.85 |
| Taylor Gourmet Franklin Square | 05/21/18 – 9/21/18 | $12,274.02 | $1,084.75 | $13,358.77 |
| Taylor Gourmet Ball Park | 05/21/18 – 9/21/18 | $6,297.28 | $906.65 | $7,203.93 |
| Taylor Gourmet Wharf | 05/21/18 – 9/21/18 | $16,523.05 | $1,267.83 | $17,790.88 |
| Taylor Gourmet Farragut Square | 05/21/18 – 9/21/18 | $7,788.93 | $808.07 | $8,597.00 |
| Taylor Gourmet Bethesda | 05/21/18 – 9/21/18 | $8,065.83 | $929.40 | $8,995.23 |
| Taylor Gourmet Silver Spring | 05/21/18 – 9/21/18 | $6,903.69 | $554.96 | $7,458.65 |
| Taylor Gourmet Pike & Rose | 05/21/18 – 9/21/18 | $6,476.35 | $588.74 | $7,065.09 |
| Taylor Gourmet Merrifield | 05/21/18 – 9/21/18 | $6,981.45 | $918.19 | $7,899.64 |
| Taylor Gourmet Ballston | 05/21/18 – 9/21/18 | $8,565.67 | $954.93 | $9,520.60 |
| Taylor Gourmet Crystal City | 05/21/18 – 9/21/18 | $11,185.86 | $1,115.04 | $12,300.90 |
| | | | | |
| **Total** | | **$173,316.73** | **$18,821.34** | **$192,138.07** |

9. Defendant failed to cause Taylor Gourmet to pay for the Produce sold to Taylor Gourmet when payment was due, despite repeated demands, and presently owes Plaintiff the principal amount of $173,316.73.

10. At the time of receipt of the Produce from Plaintiff, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consisted of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendant since the creation of the trust (the "PACA Trust").

11. Plaintiff preserved its interests in the PACA Trust in the principal amount of $173,316.73 by issuing invoices for the Transactions which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Produce.

12. On September 27, 2018, Defendant Patten caused Taylor Gourmet MGMT, LLC and all of its affiliates to file for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), with the Taylor Gourmet MGMT, LLC proceeding styled as *In re Taylor Gourmet MGMT, LLC*, Case No. 18-12164-KG, U.S. Bankruptcy Court for the District of Delaware. On January 2, 2020, the Bankruptcy Court substantively consolidated the Taylor Gourmet MGMT LLC estate with the estates of all of its Taylor Gourmet affiliates.

13. The failure and inability of Defendant to pay Plaintiff, along with Taylor Gourmet's filing for Chapter 7 bankruptcy by Defendant Patten, indicates that Defendant failed to maintain sufficient assets in the PACA Trust to pay Plaintiff and dissipated trust assets.

## Count 1
### (Unlawful Dissipation of Trust Assets by a Corporate Official)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendant Patten was an officer, director, and/or owner who operated Taylor Gourmet during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

16. Defendant Patten failed to direct Taylor Gourmet to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

17. Prior to Taylor Gourmet's bankruptcy filing, Defendant Patten knew or should have known that Taylor Gourmet was in breach of the PACA trust.

18. Defendant Patten's failure to direct Taylor Gourmet to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

19. Defendant Patten participated in Taylor Gourmet's breach of the PACA trust.

20. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the PACA Trust and has been denied payment for the Produce it supplied.

WHEREFORE, Plaintiff respectfully requests judgment in favor of Plaintiff and against Defendant, Casey T. Patten, in the principal amount of $173,316.73, plus pre-judgment interest, costs, and attorneys' fees.

## Count 2
### (Interest and Attorneys' Fees)

21. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22. PACA and Plaintiff's invoices entitles Plaintiff to recover pre-judgment interest and attorney's fees incurred to collect any balance due from Defendant.

23. As a result of Defendant's failure to make full payment promptly in the amount of $173,316.73, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendant to comply with his contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant, Casey T. Patten, for pre-judgment interest, costs, and attorneys' fees, and for such other further relief as the Court may deem just and proper.

Dated: July 10, 2020.                                    Respectfully submitted,

                                                           McCARRON & DIESS

                                                           By:/s/ Mary Jean Fassett
                                                              Mary Jean Fassett (Bar No. 414169)
                                                              4530 Wisconsin Ave., NW, Suite 301
                                                              Washington, D.C. 20016
                                                              (202) 364-0400
                                                              (202) 364-2731 fax
                                                              mjf@mccarronlaw.com

                                                              *Counsel for Plaintiff*